**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**GEORGE W. MARTIN**                                                                           **PLAINTIFF**

**V.**                                                                                                       **NO. 3:11CV020-A-D**

**JESSIE STREETER, et al.**                                                             **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the court on the Plaintiff's motion for a preliminary injunction. The Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983.

### Claims

The Plaintiff has attempted to state claims for denial of access-to-the-courts and delay of medical treatment. The Plaintiff states that a petition for writ of certiorari was denied as untimely. He argues that he requested assistance from ILAP (Inmate Legal Assistance Program) but was not seen until two days after the deadline for filing had passed. State court documents confirm that his motion was indeed denied as untimely.

As for the denial of medical claim, the Plaintiff contends that he had to wait twenty days to see a psychiatrist for migraines, stress and anxiety which he suggests was caused by ILAP. In his motion for an injunction, the Plaintiff asks that an order be entered requiring ILAP to provide him with legal services and relieving Defendant Brown from her responsibilities in ILAP. He also asks to be treated by a psychiatrist.

### Preliminary Injunction

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm

that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District* , 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

### Access to-the-courts

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999)

(citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing *Richardson v. McDonnell* , 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). A plaintiff must show real detriment, *i.e.*, true denial of access, such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

In order to obtain injunctive relief the plaintiff must satisfy all four elements. Based solely on the pleadings[1], the plaintiff has clearly stated a claim and, if true, has a substantial likelihood of success. The second element for the injunction to issue requires a threat of irreparable harm. In support, the plaintiff simply avers that the threat of irreparable harm is obvious due to the "nature of this case." The court does not find the alleged presence of irreparable harm obvious. The harm– having his writ of certiorari denied as untimely– has already occurred. Issuing an injunction will not reverse the harm. Nevertheless, the plaintiff has not demonstrated that irreparable harm will result without an order.

Having failed to satisfy the second element, the court will deny the motion for a preliminary injunction arising out of the access-to-the-courts claim.

### Delayed Medical Treatment

The plaintiff seeks an order requiring that he be treated by a psychiatrist. In the complaint he takes exception to having to wait twenty days to see a doctor. With the motion for injunctive

---

[1] An answer has not been filed.

relief, the plaintiff submits that he is continually being denied medical treatment for migraines and anxiety occasioned by his experience with ILAP. Once again, the plaintiff has failed to meet his burden.

Waiting twenty days for medical treatment for non urgent care can hardly be considered a delay. As a result, he is far from demonstrating likely success on the merits of his claim. Also, there is no substantial threat of irreparable harm. Having failed to make an initial showing as to the first two elements, the court need go no further. The preliminary injunction will not issue.

## **Conclusion**

The plaintiff has not met the burden of persuading the court that an injunction should be issued. Accordingly, the motion (docket entry 4) will be denied. A Spears hearing will be set by further order of the court.

A separate order in accordance with this opinion will be entered.

THIS the 30th day of June, 2011.

                                                /s/ Sharion Aycock
                                                **U.S. DISTRICT JUDGE**