IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GEORGE W. MARTIN      PLAINTIFF

V.      NO. 3:11CV020-A-S

JESSIE STREETER, et al.      DEFENDANTS

## REPORT AND RECOMMENDATION

On November 9, 2011, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

In his complaint, the plaintiff attempted to state claims for denial of access to the courts and delay of medical attention. At the *Spears* hearing, the plaintiff explained that defendants Brown, Williams, Streeter, Jackson, and Collins refused to help him meet a deadline for filing pleadings in state court. According to the plaintiff, the defendants refusal resulted in his motion being denied as untimely.

The plaintiff further claimed that inadequate legal assistance coupled with the denial of his motion caused him to suffer migraine headaches, anxiety, panic attacks, and resulted in the dissolution of his marriage. The plaintiff complained that he had to wait twenty and thirty-two days to see a therapist who was unable to prescribe any medication for his symptoms. The plaintiff admitted, however, that he eventually saw a physician who prescribed medication for the migraines. The plaintiff is seeking monetary damages for this perceived constitutional violation.

## DELAY OF MEDICAL TREATMENT

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by

the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). To establish delayed medical attention, the plaintiff must demonstrate that defendants were deliberately indifferent and that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

Based on the facts as presented by the plaintiff, he has failed to state a claim for delayed medical treatment. The plaintiff stated that he had to wait twenty and thirty-two days respectively to see a therapist. While this is a literal delay, the plaintiff has not demonstrated he suffered "substantial harm" from the delay. Indeed, it would not be uncommon for those in the free world to wait such an amount of time to see a therapist or physician. Furthermore, the symptoms the plaintiff was experiencing were not life-threatening nor did they create an excessive risk to his overall health. The defendants, therefore, did not knowingly disregard an

excessive risk to the plaintiff's health or safety. While he was clearly dissatisfied with the treatment he received, mere disagreement with the timing or type of medical treatment is insufficient to maintain a claim under § 1983. For these reasons, the plaintiff has failed to state a denial of adequate medical attention claim upon which relief may be granted.

## CONCLUSION

It is the recommendation of the undersigned, therefore, that defendant Dr. Baker and the delay of medical claim be dismissed. The denial of access-to-the-courts claim shall proceed as to the remaining defendants.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 9th day of November, 2011.

/s/ David Sanders  
UNITED STATES MAGISTRATE JUDGE