IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GEORGE W. MARTIN                                                                              PLAINTIFF

vs.                                                                    CIVIL ACTION NO.: 3:11cv20-SA-DAS

JESSIE STREETER, ET AL.                                                                   DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendant Danny Jackson's motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has failed to respond. The Court, having considered the motion and applicable law, finds that Defendant Jackson's motion should be granted, for the reasons that follow.

**Relevant Facts and Procedural History**

Plaintiff George W. Martin, a Mississippi inmate proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his right of access to the courts by refusing to mail his petition for writ of certiorari to the Mississippi Supreme Court, despite a pending deadline.

Plaintiff was convicted of burglary in 2006 and sought post-conviction review of his conviction. On July 21, 2009, the Mississippi Supreme Court affirmed the decision of the trial court dismissing the post-conviction motion, and Plaintiff's motion for rehearing was denied November 10, 2009. *See Martin v. State*, 20 So.3d 734 (Miss. App. 2009). Thereafter, Plaintiff began preparing a petition for writ of certiorari to the Mississippi Supreme Court, which was due within fourteen days of the appellate court's rehearing decision. *See* Rule 17(b) of the Mississippi Rules of Appellate Procedure.

1

Plaintiff maintains that, on November 24, 2009, he completed his petition for writ of certiorari and submitted a request that the petition be mailed through the Inmate Legal Assistance Program ("ILAP") at the Marshall County Correctional Facility ("MCCF"). He alleges that he notified ILAP officials of the filing deadline at that time. He alleges that the following day, on November 25, 2009, he notified tower officers of the deadline, who, in turn, notified the ILAP director. He maintains that the ILAP director refused to meet with him, and that another officer told him that Mississippi Department of Corrections Compliance Officer, Danny Jackson, "sided with" the ILAP director's decision not to mail the petition. He also maintains that, after his petition was dismissed as untimely, Danny Jackson stated that he would "look into it" for Plaintiff, but that he also advised Plaintiff that Plaintiff could file an administrative grievance if he wished. (Compl. 5-6). Plaintiff contends that the petition was finally mailed on November 30, 2009, and that it was dismissed as untimely on January 10, 2010. Plaintiff is suing Defendant Jackson in his individual capacity for $ 500,000 in compensatory damages and $ 350,000 in punitive damages. (Compl. 10, 33).

**Legal Standard**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) attacks the court's jurisdiction to hear and decide the case. *See Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981). A motion under this section "should be granted only 'if it appears that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.'" *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (citation omitted).

Rule 12(b)(6), by contrast, is appropriate only if the plaintiff fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering dismissal under Rule

2

12(b)(6), the Court accepts the allegations in the complaint as true. *Cramer v. Skinner*, 931 F.2d 1020, 1025 (5th Cir. 1991). Therefore, to survive a motion to dismiss, plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face," although the factual allegations must "raise a right to relief above the speculation level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim meets the standard of "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Official Capacity

In his complaint, Plaintiff does not assert a claim against Defendant Jackson in his official capacity. Out of an abundance of caution, however, the Court addresses the issue and finds that the Eleventh Amendment to the United States Constitution bars Plaintiff's § 1983 suit against Defendant Jackson in his official capacity. *See Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991) (holding that the Eleventh Amendment "bars suits in federal court by citizens of a state against their own state or a state agency or department") (citation omitted). A suit against a state official in his official capacity is essentially suit against the state itself. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). "[G]overnmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" within § 1983 and cannot be sued. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 70 (1989). The Mississippi Department of Corrections is an arm of the State of Mississippi. *See, e.g.*, Miss. Code Ann. § 47-5-1; *Ladner v. Leamon*, No. 2:12cv131-KS-MTP, 2012 WL 4507904 (S.D. Miss. September 28, 2012). Therefore, inasmuch as

3

Plaintiff's complaint could be construed to include a claim against Defendant Jackson in his official capacity, such is barred by the Eleventh Amendment and is dismissed.

**Individual Capacity**

While Eleventh Amendment immunity does not apply to claims for monetary damages against a defendant in his individual capacity, qualified immunity protects officials against personal liability for claims brought against them in their individual capacities "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). The inquiry into qualified immunity is two-pronged. First, the Court considers whether Plaintiff has alleged facts demonstrating the deprivation of a constitutional right. *See McClendon v. City of Colubmia*, 305 F.3d 314, 323 (5th Cir. 2002). Second, if a constitutional deprivation has been shown, the Court determines whether the officer's conduct was objectively reasonable in light of the clearly established law at the time of the alleged wrongful conduct. *Id*.

The Court finds that Plaintiff has not stated a constitutional violation against Defendant Jackson, because the failure to investigate a grievance is not a constitutional violation. *See Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007); *Woodland v. City of Vicksburg*, No. 5:05cv85-DCB-JCS, 2006 WL 3375256, at * 3 (S.D.Miss. November 21, 2006) (holding that claim for "failure to investigate" does not allege a constitutional violation). Additionally, because there is no constitutional right to a grievance procedure, Plaintiff has no constitutionally protected interest in having his grievance satisfactorily resolved. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Neither can Defendant Jackson be held responsible for the alleged deprivation that Plaintiff attributes to other named defendants. To state a cause of action under § 1983, a plaintiff must allege facts specifying the defendant's personal participation in the alleged wrong. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). In this case, Plaintiff alleges involvement by Defendant Jackson only after the alleged constitutional deprivation occurred, and there is no "supervisory or *respondeat superior* liability" in § 1983 actions. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Therefore, Defendant Jackson is entitled to be dismissed from suit.

## Conclusion

Defendant Danny Jackson's motion to dismiss (doc. entry no. 53) is **GRANTED**, and he is dismissed from this action with prejudice. A separate judgment in accordance with this order will issue today.

**SO ORDERED** this the 24th day of October, 2012.

                                            /s/ Sharion Aycock
                                            **U.S. DISTRICT JUDGE**